# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| SCOTT GIRMSCHEID, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> NORTHSTAR LOCATION SERVICES, LLC <br><br> Defendant. | Case No.: 14-cv-997 <br><br> **CLASS ACTION COMPLAINT** <br><br> **Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA"), and the Wisconsin Consumer Act, chapter 427, Wisconsin Statutes (the "WCA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Scott Girmscheid is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt allegedly incurred for personal, family or household purposes, namely a personal credit card.

5. Plaintiff is also a "customer" as defined in the Wisconsin Consumer Act, Wis. Stat. § 421.301(17), in that Plaintiff engaged in a consumer credit transaction.

6. Defendant Northstar Location Services, LLC ("NLS") is a Minnesota corporation with its principal place of business located at 4285 Genesee St., Cheektowaga, NY 14225.

7. NLS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. NLS is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. NLS is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

**FACTS**

9. On or about May 1, 2014, NLS mailed a debt collection letter to Plaintiff regarding an alleged debt owed to "BARCLAYS BANK DELAWARE/BARCLAYCARD REWARDS ("Barclays"). A copy of this letter is attached to this Complaint as Exhibit A.

10. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

11. Exhibit A threatens litigation against Plaintiff.

12. Specifically, Exhibit A says the alleged debt is in a "pre-legal status," and further states: "Please be advised that our collection efforts are the last step before this account will be closed and returned to BARCLAYS BANK DELAWARE, who will forward the account to an attorney network."

13. Upon information and belief, no one, including Barclays, has brought any legal action against Plaintiff after this letter was sent to Plaintiff.

14. An unsophisticated consumer would understand that Exhibit A threatens a lawsuit, and/or implies that legal action will be taken.

2

15. The FDCPA prohibits false and misleading statements in debt collection letters. 15 U.S.C. § 1692e ("A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.")

16. Among other conduct, the FDCPA also specifically prohibits:

   a. The threat to take any action that cannot legally be taken or that is not intended to be taken. 15 U.S.C. § 1692e(5);

   b. The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. 15 U.S.C. § 1692e(10); and

   c. unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. § 1692f.

17. Debt collection letters that falsely "communicate that a lawsuit is not merely a possibility, but that a decision to pursue legal action is either imminent or has already been made," violate the FDCPA. 15 U.S.C. § 1692e(5); *Jenkins v. Union Corp.*, 999 F. Supp. 1120, 1136 (N.D. Ill. 1998); *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 24-26 (2d Cir. 1989).

18. Even indirect or oblique threats give rise to liability, provided they indicate that "legal action is underway or contemplated in the near future." *Jenkins*, 999 F. Supp. At 1136.

19. The unsophisticated consumer would interpret the "pre-legal status" language and the threat that the account may be on a litigation track, that legal action is underway or will be contemplated in the near future, even though NLS has no basis to make such claims.

20. The WCA also specifically prohibits a debt collector from "Threaten[ing] action against the customer unless like action is taken in regular course or is intended with respect to the particular debt." Wis. Stat. § 427.104(1)(L).

21. Upon information and belief, Barclays is a British multinational banking and financial services company headquartered in London. It is a universal bank with operations in

3

retail, wholesale and investment banking, as well as wealth management, mortgage lending and credit cards. It has operations in over 50 countries and territories and has around 48 million customers. As of December 31, 2011 Barclays had total assets of US$2.42 trillion, the seventh-largest of any bank worldwide.

22. In contrast, NLS is a debt collection agency in a suburb of Buffalo, New York.

23. Upon information and belief, NLS has no input in, or inside information into, Barclays' litigation strategy.

24. Upon information and belief, NLS has no knowledge of whether Barclays had any intention of suing Plaintiff or any class member over the alleged debt at issue, or even whether the class members accounts "will be closed and returned to BARCLAYS BANK DELAWARE, who will forward the account to an attorney network."

25. NLS has no basis to assert that Barclays would bring suit against Plaintiff or any class member. The threat of litigation in NLS's letter is false and misleading and exists only to unfairly scare consumers.

## COUNT I – FDCPA

26. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

27. <u>Exhibit A</u> falsely threatens a lawsuit against Plaintiff.

28. At the time NLS mailed <u>Exhibit A</u> to Plaintiff and the class, NLS had no knowledge of Barclays' litigation plans with respect to any class member's alleged debts.

29. NLS had no basis to claim that the account was in "pre-legal status," or that Barclay's "will forward the account to an attorney network."

30. NLS's conduct violates 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692f.

4

## COUNT II – WCA

31. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

32. Exhibit A threatens and implies legal action notwithstanding the fact that, upon information and belief, neither NLS, nor Barclays had any intention of initiating such action.

33. Such conduct violates Wis. Stat. § 427.104(1)(L).

## COUNT III – WCA

34. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

35. Purchases allegedly made using Plaintiff's Barclays credit card were "consumer credit transactions" under the WCA. Wis. Stat. §§ 421.301(10).

36. NLS's letter falsely represented that Barclays would consider suing Plaintiff.

37. NLS's letter also falsely represented the Plaintiff's account as "pre-legal."

38. In fact, NLS had no knowledge of Barclays' litigation strategy and no basis to make those claims.

39. NLS violated Wis. Stat. § 427.104(1)(L).

## CLASS ALLEGATIONS

40. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin, (b) who were sent a collection letter by NLS in the form represented by Exhibit A (c) seeking to collect a debt for personal, family or household purposes, (d) on or after August 13, 2013, (e) that was not returned by the postal service.

41. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

42. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether <u>Exhibit A</u> violates the FDCPA and/or the WCA.

43. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

44. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

45. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

46. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: August 13, 2014

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
3620 East Layton Avenue
Cudahy, WI 53110

6

(414) 482-8000  
(414) 482-8001 (fax)  
sademi@ademilaw.com  
jblythin@ademilaw.com

7